UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RETIREMENT PLAN FOR EMPLOYEES
REPRESENTED BY SHEET METAL WORKERS
LOCAL UNION 18, et al.,

                Plaintiffs,

v.                                                        Case No. 21-cv-1234-bhl

MM MECHANICAL LLC,

                Defendant.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

---

       Despite accepting service on October 27, 2021, Defendant MM Mechanical, LLC has never appeared in this case. (ECF No. 7.) As a result, on February 2, 2022, the Clerk of Court entered a default pursuant to Fed. R. Civ. P. 55(a). On April 18, 2022, Plaintiffs moved for default judgment under Rule 55(b)(2). (ECF No. 8.) Because the motion and accompanying affidavits sufficiently establish the amount of damages at issue, the Court will enter default judgment against MM Mechanical without a hearing.

       Under Fed. R. Civ. P. 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983). In cases alleging violation of the Employee Retirement Income Security Act of 1974 (ERISA), the plaintiff can prove definite figures through submission of affidavits authenticating collective bargaining agreements, audits, and itemized billing statements showing attorney's fees and costs. *See Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wisconsin Sheet Metal Workers Health and Ben. Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *1 (E.D. Wis. Nov. 7, 2011); *North Central States Regional Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bbc, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015).

In this case, the complaint alleged that Defendant failed to remit all required contributions to the Plaintiff pension funds in violation of ERISA.  (ECF No. 1 at 4.)  Plaintiffs have submitted affidavits, audits, the collective bargaining agreement, and an itemized statement of attorney's fees and costs.  (ECF Nos. 10, 11, 12.)  Based on these submissions, they request $13,898.25 in liquidated damages, $5,075.75 in interest, $5,670 in attorney's fees, and $487 for costs of prosecution, totaling $25,130.82.  (ECF No. 13 at 7.)  The documentary evidence sufficiently substantiates this sum.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2), ECF No. 8, is **GRANTED**.  Plaintiffs are awarded damages in the total amount of $25,130.82 for liquidated damages, interest, attorney's fees, and costs of prosecution, and the case is dismissed.  The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge